UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:14-cv-1444-JR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| RONALD D. JOLING, et al., | |
| Defendants. | |

Aiken, District Judge:

Defendants Ronald and Dorothea Joling evaded and failed to pay federal and state taxes for many years, resulting in criminal convictions, tax liens against their properties, and this civil action brought by the United States to reduce its tax assessments to judgment and foreclose its tax liens against several parcels of property.

On August 31, 2016, this Court entered default judgment in favor of the United States. The Court also declared that Antioch Ministries and other unincorporated associations used by the Jolings to obscure their ownership of property were their nominees, and that any transfers of property to the nominee associations were fraudulent with respect to the United States.

1    - OPINION AND ORDER

Now before the Court is the United States' Motion for Determination of Lien Priority between it and the Oregon Department of Revenue (DOR). The United States contends that the federal tax liens against the Jolings' properties are senior and superior to all state tax liens. DOR disagrees and maintains that its tax liens became choate as of their recording dates, and that the priority of liens should be determined according to the "first in time first in right" rule. *See United States v. McDermott*, 507 U.S. 447 (1993). For the reasons explained below, I agree with DOR.

A lien becomes choate "when the identity of the lienor, the property subject to the lien, and the amount of the lien are established." *United States v. New Britain*, 347 U.S. 81, 84 (1954). The first two requirements are not at issue; the government does not dispute that the state tax liens identify the lienor and the amount of the liens. Rather, the issue is whether DOR's tax liens identify the property subject to the liens.

From 2008 through 2014, DOR recorded distraint warrants against the Jolings in Coos and Linn Counties; the warrants gave DOR liens against the Jolings' interests in real property located in those counties. *See* Or. Rev. Stat. §§ 205.125(2), 314.430. At the time, however, the Jolings purportedly had transferred the interests in their properties to Antioch Ministries. The United States argues that the state tax liens against properties held by the Jolings – with no identification of Antioch Ministries as nominee – failed to identify the property subject to the liens. As a result, the United States argues that the state tax liens remained inchoate until the Court ruled that the Jolings' transfers to Antioch Ministries were fraudulent. The United States further emphasizes that the federal notices of tax liens were filed against Antioch Ministries as nominee for the Jolings, thus identifying the property subject to the liens; i.e., the properties purportedly transferred to and held by Antioch Ministries.

2   - OPINION AND ORDER

DOR responds that Antioch Ministries never filed articles of incorporation with the Oregon Secretary of State, and, as an unincorporated association, it was not a legal entity and was incapable of holding title to real property. DOR emphasizes that a "purported transfer to a non-existent entity is void." DOR's Surreply at 2 (citing *Klorfine v. Cole*, 121 Or. 76, 252 P. 708 (1927) and *Oregon v. Bureau of Land Mgmt.*, 876 F.2d 1419 (9th Cir. 1988)). DOR thus maintains that the transfers of property to Antioch Ministries were void, and that the Jolings retained their interests in the properties when DOR filed its warrants and perfected its liens.

The United States does not dispute the assertion that Antioch Ministries was unincorporated. Further, it is well-established that an unincorporated association cannot hold title to real property. *Oregon v. Sunbeam Rebekah Lodge No. 180*, 169 Or. 253, 266, 127 P.2d 726 (1942) ("It is our conclusion that Sunbeam Rebekah Lodge No. 180, an unincorporated association, was incapable of taking title to or holding the real property here involved."); *see also Next Step v. Redmon*, 879 N.W.2d 71, 72 (N.D. 2016) (discussing common law rule that "unincorporated associations are incapable of holding title to real property because they are not legal entities").

The United States nonetheless relies on *United States v. Ultra Dimensions*, 803 F. Supp. 2d 596 (E.D. Tex. 2011) to support its argument. There, the debtors fraudulently conveyed property to Ultra Dimensions, a sham trust. *Id.* at 597. A judgment creditor filed an Abstract of Judgment against the debtors, but not Ultra Dimensions, while the federal government filed notices of tax liens against Ultra Dimensions as nominee for the debtors. *Id.* at 598. The district court ruled that the judgment lien did not become choate until the court voided the fraudulent transfers to Ultra Dimensions, and it was subordinate to the federal tax liens as a result. *Id.* at 600-01. The United States argues that the same analysis should apply in this case. I disagree.

In *Ultra Dimensions,* court specifically noted that "Ultra Dimensions, not the [debtors], held title to the Subject Property at the time the Abstract of Judgment was filed." *Id.* at 600. Here, Antioch Ministries was legally incapable of holding title to real property, and it could not and did not hold title to any property at the time DOR filed the warrants. Thus, the transfers to Antioch Ministries were void and not simply voidable after the fact. *See Klorfine,* 121 Or. at 81-84, 252 P. 708 (holding that a debtor's attempted transfer of deed to a dissolved corporation was void, and that a lien against the debtor nonetheless attached to the property); *Oregon v. Bureau of Land Mgmt.,* 876 F.2d at 1425 ("Indeed, there is a general rule of property law that a deed made out to a fictitious person is void, while a deed to a real person, even if obtained by fraud, is only voidable."). *Ultra Dimensions* is therefore distinguishable and does not support the superiority of federal tax liens in this case.

In sum, Antioch Ministries could not and did not hold title to the Jolings' properties when DOR filed its distraint warrants, and DOR's tax liens became choate when the warrants were recorded. Or. Rev. Stat. §§ 250.125(2), 314.430.

## CONCLUSION

Accordingly, the United States' Motion for Lien Priority Determination (doc. 70) is DENIED, and lien priority shall be determined according to the "first in time, first in right" rule. IT IS SO ORDERED.

Dated this 2 day of ~~January,~~ February 2017.

Ann Aiken
United States District Judge